IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAROLD JOHNSON,

                    Plaintiff,                          OPINION AND ORDER

    v.                                                  11-cv-91-wmc

LIEUTENANT KEVIN BOODRY
and OFFICER BIGNELL,

                    Defendants.

---

Plaintiff Harold Johnson filed this civil action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while incarcerated by the Wisconsin Department of Corrections ("WDOC"). After screening, Johnson's remaining claim is that the defendants subjected him to such cold conditions of confinement as to constitute cruel and unusual punishment in violation of the Eighth Amendment. The defendants have filed a motion for summary judgment based on Johnson's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) before seeking relief in federal court. Johnson, who was released from prison after this suit was filed, has submitted no response and his deadline to do so has expired. Because the undisputed evidence confirms that Johnson did not comply with the exhaustion requirement found in 42 U.S.C. § 1997e(a), the defendants' motion for summary judgment will be granted.

## FACTS

The relevant facts in this case were set forth previously in the court's screening order (Dkt. # 5), and will not be repeated at length here. The following overview, which is taken from the complaint and the evidence found in the summary judgment record, construes all facts and draws all reasonable inferences in Johnson's favor as the non-moving party.

The incident that forms the basis for Johnson's complaint occurred while he was in custody of WDOC at the Columbia Correctional Institution ("CCI") in Portage, Wisconsin, where the defendants, Lieutenant Kevin Boodry and Officer David Bignell, are employed as correctional officers. On December 15, 2010, Johnson was housed in the lower A-wing of CCI's disciplinary separation units ("DS-1"). At approximately 10:00 p.m., Johnson and other inmates assigned to the lower A-wing became disgruntled because second-shift officers had not "exchanged everyone's linens" that day. Officer Bignell was working second shift on DS-1 that day and summoned his shift supervisor, Lieutenant Boodry, to a cell across the hall from Johnson to speak with another inmate (Carlos Santos), who was particularly upset by the lack of clean linen. When Boodry arrived, Johnson "began voicing complaints" that "CCI staff" and their supervisors were "incompetent" and "unprofessional." When Boodry told Johnson to "shut up," Johnson called him a "grumpy old man."

After a brief verbal exchange, Boodry instructed Officer Bignell to place Johnson in "controlled segregation," which is a "management status" reserved for inmates who are poorly controlled or exhibiting destructive behavior. Johnson was reportedly strip-

2

searched and escorted while still naked past all the other inmates on DS-1's lower A-wing to "an empty, cold cell with no clothing, linen, bedding or other property." Naked, Johnson remained in this "extremely cold," controlled segregation cell for approximately 10 hours before he returned to his lower A-wing cell.

On February 4, 2011, Johnson filed his civil rights complaint in this court, alleging that he was placed in controlled segregation for "bogus" reasons as the result of a retaliatory conspiracy by defendants Boodry and Bignell. In particular, Johnson alleged that the defendants purposely humiliated him and placed him in controlled segregation in retaliation for voicing his opinion about prison personnel. Johnson alleged further that he was subjected to extremely cold conditions of confinement that amounted to cruel and unusual punishment in violation of the Eighth Amendment.

After screening the complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the court allowed Johnson to proceed only with his claim that the defendants violated the Eighth Amendment by housing him in a cold cell with no clothing or other protection for approximately ten hours. (Dkt. # 5). The defendants now move for summary judgment on the grounds that Johnson did not comply with a prerequisite found in the PLRA at 42 U.S.C. § 1997e(a), which requires prisoners to exhaust all administrative remedies before filing suit in federal court.

## OPINION

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all disputed

3

facts and draw all inferences from those facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-55 (1986); *but see Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (observing that, on summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts"). Thus, the party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact requiring a trial by proposing specific facts and supporting proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-6 (1986); *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011). A factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and they are "material" only if their resolution might change the suit's outcome under the governing law. *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (citing *Stokes v. Bd. of Educ., City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010).

"[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Schaffer v. American Medical Ass'n*, 662 F.3d 439, 443 (7th Cir. 2011) (quoting *Anderson*, 477 U.S. at 249). As discussed more fully below, there appears to be no genuine, material issue of fact on this record that Johnson has failed exhaust administrative remedies with respect to any of the claims raised in his complaint.

Because Johnson filed this lawsuit while he was still incarcerated, this case is governed by the PLRA, which states that no civil action "shall be brought with respect to prison conditions" in federal court "until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has emphasized repeatedly that § 1997e(a) mandates exhaustion of all administrative procedures *before* an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") in all state adult correctional facilities so that inmate grievances about prison conditions may be expeditiously raised, investigated and decided. *See* Wis. Admin. Code DOC § 310.04. Once an inmate files a formal complaint, an Inmate Complaint Examiner (ICE) is assigned to investigate and recommend a decision to the "appropriate reviewing authority," such as a warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint at the institution level. DOC § 310.07(2). If an inmate has submitted a proper complaint in compliance with ICRS procedure, *see* DOC § 310.11(5), he has the right to appeal any adverse decision to the Corrections Complaint Examiner ("CCE"), who will review the complaint and make a recommendation to the Office of the Secretary. *See* DOC § 310.13. The Secretary of the Wisconsin Department of Corrections shall review the CCE's report and make a final decision. *See* DOC § 310.14.

5

Defendants have submitted an affidavit from Welcome Rose, who is employed by WDOC as a CCE and explains how the ICRS administrative process works. (Dkt. #13.) Rose also provides a report that details Johnson's inmate complaint history over a six-year period from April 2005 through July 2011. That report indicates that Johnson filed many formal grievances while incarcerated in WDOC, but that he did not submit any grievance concerning the incident referenced in this civil action. This alone is more than adequate to prove that Johnson failed to comply with 42 U.S.C. § 1997e(a) by exhausting available administrative remedies before filing suit in federal court. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "strict compliance" is required with respect to exhaustion under the PLRA).

Johnson, who has filed no response to the defendants' motion for summary judgment, does not dispute this evidence or offer a viable excuse for his failure to exhaust. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Because there is no genuine issue of material fact regarding whether Johnson exhausted available administrative remedies, his suit is barred as a matter of law and the defendants are entitled to summary judgment on this issue.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants Kevin Boodry and
   David Bignell (Dkt. # 11) is GRANTED.

2. The complaint is DISMISSED for failure to exhaust administrative
   remedies in compliance with 42 U.S.C. § 1997e(a).

3. All other pending motions and deadlines in this case are MOOT.

Entered this 26th day of July, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7